IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS CORPUS CRISTI DIVISION

| | |
|---|---|
| JAMES MCGEE, DIANNE MCGEE And OLIVIA CENTENO A/N/F of A.M. § § § VS. § § BFI WASTE SERVICES OF TEXAS, LP § D/B/A REPUBLIC SERVICES § | CIVIL NO. 2:22-cv-00093 |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Pursuant to 28 U.S.C. §§ 1332 and 1441(a), Defendant, **BFI WASTE SERVICES OF TEXAS, LP d/b/a REPUBLIC SERVICES,** hereby removes this action to the United States District Court for the Western District of Texas, San Antonio Division from the County Court at Law No. 3 of Nueces County, Texas, stating as follows:

1. Plaintiff commenced this action in the County Court at Law No. 3 of Nueces County, Texas on April 12, 2022, where it was given Cause No. 2022CCV-60400-3.

2. This action is between citizens of different states. For the purposes of diversity jurisdiction, a natural person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007). Defendant, BFI Waste Services of Texas LP., is an Arizona corporation with a principal place of business in Arizona. Although Plaintiff's state court filings do not reflect the citizenship of the decedent, Jeremy McGee, BFI avers that its records demonstrate that Mr. McGee's address was 2601 Singing Wind Dr, Kerrville Texas 78028, which makes him a resident of Texas.

3.  Plaintiffs have filed a request for a TRO in the state court but have not filed a petition along with the request for the TRO. They have, however, indicated that they are claiming negligence against BFI for the deceased Plaintiff's personal injuries and ultimate wrongful death arising out of an accident in which he was involved. If it is facially apparent from the nature of the claim that the amount-in-controversy requirement is met, the removing party has met its burden of proof. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)("De Aguilar I"); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)("De Aguilar II"), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). If the defendant satisfies this burden, the burden is on the plaintiff to establish to a legal certainty that the recovery will not exceed the amount set forth in 28 U.S.C. § 1332. *De Aguilar I*, 11 F.3d at 58. Such "legal certainty" can be demonstrated only through the existence of a statute which expressly limits recovery or a legally binding and irrevocable stipulation or affidavit to that effect. *De Aguillar II*, 63 F.3d at 1412.

4.  Given the nature of the wrongful death and survival claims, it is "facially apparent" from the plaintiff's state court petition that the controversy here exceeds the minimum jurisdictional limits. *See, e.g., Matney v. Wenger Corp.*, 957 F. Supp. 942, 943-44 (S.D. Tex. 1997)(finding that plaintiff's petition satisfied amount-in-controversy requirement despite contention to the contrary where petition alleged "severe bodily injuries").

5.  Defendant, BFI Waste Services of Texas LP. received the Application for Temporary Restraining Order and Order setting hearing for Temporary Injunction on April 18, 2022.

6.  A copy of all process, pleadings, and orders served in the state court case are attached as Exhibit A.

7.  Defendant, Republic Services, Inc. will provide written notice of this Notice of Removal to all adverse parties and has filed a copy with the District Clerk of Nueces County, Texas. There are no additional parties from whom consent is necessary.

8.  Defendant would further raise the fact that there is an arbitration agreement between it and the decedent which is binding on his heirs, and will ultimately require that the proper Court to compel the matter to arbitration.

Dated: **May 2, 2022**

Respectfully submitted,

/s/ *Larry D. Warren*
LARRY D. WARREN
ATTORNEY IN CHARGE
State Bar No. 20888450
FBN: 13339
Krizia A. Landivar
State Bar No. 24086064
**ATTORNEY FOR DEFENDANT**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350 (Warren)
Facsimile: (210) 785-2950 (Warren)
lwarren@namanhowell.com
klandivar@namanhowell.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May 2021, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via e-mail:

Russell W. Endsley
State Bar No. 24026824
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601
rendsley-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**

/s/ *Larry D. Warren*
LARRY D. WARREN