4/29/22, 11:50 AM      https://portal-txnueces.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=2789204

Case 2:22-cv-00093   Document 1-3   Filed on 05/02/22 in TXSD   Page 1 of 30

Skip to Main Content Logout My Account Search Menu New Civil & Family Search Refine Search Back      Location : All Courts   Help

# REGISTER OF ACTIONS

## CASE NO. 2022CCV-60400-3

| James McGee,Dianne McGee,Olivia Centeno vs. BFI Waste Services of Texas LP d/b/a Republic Services | § § § § § | | Case Type: | **Injury or Damage - Motor Vehicle** |
|---|---|---|---|---|
| | | | Date Filed: | **04/12/2022** |
| | | | Location: | **CCAL3** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **BFI Waste Services of Texas LP d/b/a Republic Services** | |
| **Plaintiff** | **Centeno, Olivia** *Next Friend Of* **A.M, A Minor** | **Russell W Endsley** *Retained* 361-985-0600(W) |
| **Plaintiff** | **McGee, Dianne** | **Russell W Endsley** *Retained* 361-985-0600(W) |
| **Plaintiff** | **McGee, James** | **Russell W Endsley** *Retained* 361-985-0600(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/12/2022 | **Original Petition (OCA)** |
| 04/12/2022 | **Application** *Application for Temporary Restraining Order And Order Setting Hearing For Temporary Injunction* |
| 04/12/2022 | **Affidavit** |
| 04/12/2022 | **Bond** (Judicial Officer: Galvan, Deeanne ) |
| 04/12/2022 | **Proposed Order** (Judicial Officer: Galvan, Deeanne ) *Ex Parte Temporary Restraining Order And Order Setting Hearing For Temporary Injunction* |
| 04/12/2022 | **Service Request Information Sheet** *Service Requested* |
| 04/13/2022 | **Copy** *Ex Parte Restraining Order and Order Setting Hearing for Temporary Injunction* |
| 04/13/2022 | **Order** (Judicial Officer: Galvan, Deeanne ) *Ex Parte Temporary Restraining Order and Order Setting Hearing for Temporary Injunction* |
| 04/25/2022 | **Temporary Restraining Order - Civil** BFI Waste Services of Texas LP d/b/a Republic Services    Unserved |
| 05/03/2022 | **Temporary Restraining Order** (1:30 PM) (Judicial Officer Galvan, Deeanne) *rendsley-svc@thomajhenrylaw.com* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** McGee, James | | | |
| | Total Financial Assessment | | | 358.00 |
| | Total Payments and Credits | | | 358.00 |
| | **Balance Due as of 04/29/2022** | | | **0.00** |
| 04/13/2022 | Transaction Assessment | | | 358.00 |
| 04/13/2022 | E-file Payment | Receipt # 2022-3989-DCCLK | McGee, James | (221.00) |
| 04/13/2022 | State Credit | | | (137.00) |

2022CCV-60400-3

## AFFIDAVIT

STATE OF TEXAS        §
                      §
COUNTY OF NUECES      §

      **BEFORE ME,** the undersigned authority, personally appeared Russell W. Endsley who

upon his oath stated,

      "I am an attorney licensed to practice law in the State of Texas.  I have been employed to represent Applicants **JEREMY MCGEE (DECEASED), JAMES MCGEE, DIANNE MCGEE, AND OLIVIA CENTENO A/N/F A.M., A MINOR,** in connection with the motor vehicle collision which occurred on March 22, 2022.  At the present time, **BFI WASTE SERVICES OF TEXAS LP D/B/A REPUBLIC SERVICES,** through its agents, servants, and employees or anyone acting in concert therewith, was in control of the vehicle involved in the collision that occurred on March 22, 2022.

      If the said vehicle, the component parts thereto to include computer or electronic data involved in this incident which are in the possession and control of **BFI WASTE SERVICES OF TEXAS LP D/B/A REPUBLIC SERVICES,** are in any way altered, damaged, or destroyed, or if any other evidence, to include, but not be limited to, photographs, video or audio recordings, investigation file(s), accident/incident reconstruction(s), witness statements, blood, urine, blood and urinalysis tests, results, reports, etc. of the driver(s)/operator(s) of the aforementioned vehicle or are in any way altered, damaged, or destroyed, or if any GPS tracking devices on the operators' cellular phones or other hand-held devices or any downloaded information relating to any GPS tracking devices or systems on her cellular phone(s) or other hand-held device(s), any GPS tracking devices on the vehicle, or any downloaded information relating to any GPS tracking device or system on the vehicle, and all operation or trip related documents created or received by **BFI WASTE SERVICES OF TEXAS LP D/B/A REPUBLIC SERVICES,** through its agents, its servants, and employees or anyone acting in concert therewith, to include all weigh bills, trip tickets, diver's daily logs, record of driver's duty status, driver's daily condition report, bills of lading, payment of services, driver personnel file as required by the State of Texas or any other regulatory agency, all maintenance records, repair reports and any other document related to repairs or maintenance of the vehicle involved in the incident on March 22, 2022, and any other documents, reports, or memoranda related to this incident, crucial evidence may be forever lost to the Applicants.

      The facts stated in the Application for Temporary Restraining Order and Temporary Injunction are true and correct.

      Further, Affiant sayeth not."

                                               _____
                                       Russell W. Endsley

SUBSCRIBED AND SWORN TO BEFORE ME, by the said Russell W. Endsley, on the _12th_ day of April, 2022, to certify which witness my hand and seal.

Carly Ann Wallis
My Commission Expires
09/21/2024
ID No 132688556

Notary Public, State of Texas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Russell Endsley on behalf of Russell Endsley
Bar No. 24026824
rendsley-svc@thomasjhenrylaw.com
Envelope ID: 63527246
Status as of 4/13/2022 10:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Endsley | | rendsley-svc@thomasjhenrylaw.com | 4/13/2022 10:00:07 AM | SENT |

Filed
4/12/2022 4:12 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

**IN THE COUNTY COURT**
**OF NUECES COUNTY, TEXAS**
**COUNTY COURT AT LAW NUMBER ___**

| | | |
|---|---|---|
| **JAMES MCGEE, DIANNE MCGEE,** | § | |
| **and OLIVIA CENTENO A/N/F of A.M.** | § | |
| *Applicants,* | § | |
| | § | 2022CCV-60400-3 |
| **v.** | § | **CAUSE NO. _____** |
| | § | |
| **BFI WASTE SERVICES OF TEXAS LP** | § | |
| **d/b/a REPUBLIC SERVICES** | § | |
| *Respondent,* | § | |

---

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND**
**ORDER SETTING HEARING FOR TEMPORARY INJUNCTION**

---

COMES NOW JAMES MCGEE, DIANNE MCGEE, and OLIVIA CENTENO A/N/F of

A.M., a minor, hereinafter referred to as Applicants, and file this Application for Temporary

Restraining Order and Order Setting Hearing for Temporary Injunction and for cause of action

would respectfully show unto the Court as follows:

**I.**

Jeremy McGee (deceased), was involved in a motor vehicle collision at the 35800 block

of IH-10 eastbound on March 22, 2022 at approximately 6:45 AM (CST). Jeremy McGee was

employed by BFI WASTE SERVICES OF TEXAS, LP, a non-subscriber, as a commercial waste

truck driver when he was making commercial dumpster deliveries. Mr. McGee was driving from

Kerrville, Texas to San Antonio, Texas when he began experience equipment issues on I-10 in

Kendall County. Mr. McGee pulled over onto the shoulder to inspect the faulty equipment.

While Mr. McGee was outside of his truck, he was struck by a vehicle. Respondent BFI WASTE

SERVICES OF TEXAS, LP is a foreign company which is licensed to do business in the State of

Texas and can be served with process by serving its registered agent for service: CT Corporation

System, 1999 Bryan St. Suite 900 Dallas, Texas 75201. As a result of the collision and Respondent's negligence, Jeremy McGee suffered serious personal injuries that caused his untimely death.

## II.

Applicants request a temporary restraining order and temporary injunction that unless Respondent, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the vehicle and trailer involved in the March 22, 2022 incident and its component parts, to include electronic control module(s), and any data already downloaded from the electronic control module involved in the incident on March 22, 2022, and any other evidence, to include, but not be limited to, photographs, dash cam videos, video or audio recordings, investigation file(s), accident/incident reconstruction(s), witness statements, blood, urine, blood and urinanalysis tests, results, reports, etc. of the driver(s)/operator(s) of the aforementioned vehicle, they will commit said acts before notice of the hearing on the Motion for a Temporary Injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Applicants will suffer irreparable injury, to wit: the repair, removal, destruction, disposal, inspection, or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Applicants from asserting the right to inspect or test the evidence as provided by the TEXAS RULES OF CIVIL PROCEDURE.

Applicants further request a temporary restraining order and temporary injunction unless Respondent, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of the driver(s)/operator(s) of the

aforementioned vehicle at the time of the March 22, 2022 incident, including any GPS tracking device on the cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, GPS tracking device on the subject vehicle or any downloaded information relating to any GPS tracking device or system on the aforementioned vehicle, any and all operation or related documents created or received by Respondent, its agents, servants, and employees or anyone acting in concert therewith as required by the State of Texas or any other regulatory agency, and all maintenance records, repair records and any other document related to repairs or maintenance of the aforementioned vehicle involved in the March 22, 2022, incident and any other documents, reports, or memoranda related to this incident, they will commit said acts before notice of the hearing on the Motion for a Temporary Injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Applicants will suffer irreparable injury.

### III.

Applicants are not aware of any counsel representing Respondent.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicants respectfully request the Court order that Respondent and its agents, servants, and employees, or <u>anyone</u> having knowledge of this order are hereby commanded forthwith to desist and refrain from taking any action which may alter, destroy, or caused to be sold or ownership to be transferred:

1) Any vehicle or trailer involved in the March 22, 2022, motor vehicle collision (hereinafter the "Subject Vehicle");

2) Any and all of the remains of the Subject Vehicle, including tires, the engine electronic control module (ECM) and any data already downloaded from the electronic control module, tachograph, and any ancillary devices involved in the incident which occurred on March 22, 2022 or in any way from moving, repairing, testing, or altering such vehicle and its contents without notice to and consent of Applicants;

3)    Any other evidence, to include, but not limited to, blood, urine, blood and urinalysis tests, results, reports, etc. of the driver(s)/operator(s);

4)    Any cellular phone or other hand-held device in the possession of the driver(s)/operator(s) at the time of the collision on March 22, 2022, including any GPS tracking device on the cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellar phone or hand-held device, GPS tracking device on the Subject Vehicle or any downloaded information relating to any GPS tracking device or system on the driver(s)/operator(s) Subject Vehicle;

5)    Any and all operation or trip related documents created or received by Respondent and the driver(s)/operator(s), to include any weight bills, trip tickets, daily logs, record of duty status, daily condition report, bills of lading, payment of services, Driver Qualification File and Personnel File of the driver(s)/operator(s) as required by Texas Department of Transportation and the Federal Motor Carrier Safety Regulations for Respondents;

6)    A copy of any and all documents or writings regarding the repair of the Subject Vehicle after the collision;

7)    A copy of the certificate of title to the Subject Vehicle;

8)    A copy of any and all books, calendars, diaries, journals, logs, written notes, documents, or other records regarding the subject collision;

9)    A copy of the complete driver's qualification and personnel file for the driver(s)/operator(s);

10)   Any and all records regarding drug and alcohol testing administered to the driver(s)/operator(s) throughout his employment;

11)   A copy of the records of duty status (logs) for March 22, 2022, and six months prior to the collision for the driver(s)/operator(s);

12)   A copy of all log audit summaries for the driver(s)/operator(s);

13)   A copy of any time records, to include time cards, for March 22, 2022, and one month prior to the collision for the driver(s)/operator(s) in the motor vehicle collision in question;

14)   A copy of the automatic on-board recording device used to record hours of service for the date of the collision and one month prior to the collision, Respondents' hours of service chart, electronic display or printout showing

the time and sequence of duty status changes, including Respondents' starting time at the beginning of each day;

15) If a satellite reporting system is used, a copy of the all-vehicle locations for the Subject Vehicle for the day of the collision and one month prior to the collision;

16) Copies of any drive-cam/dash cam videos involving the incident and occurring throughout the duration of the driver(s)/operator(s) employment;

17) Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q' Trac' s, depicting the location of the Subject Vehicle driven by the driver(s)/operator(s) and all satellite communication between the driver(s)/operator(s) and Respondents;

18) A copy of Respondents' pay records and financial settlement documents for March 22, 2022, and one month prior to the collision for the driver(s)/operator(s);

19) A copy of any and all company dispatch records for date of the collision and one month prior to the collision for the driver(s)/operator(s) which include dispatch screens, movement histories, check calls, fuel summaries, and gate records;

20) A copy of any and all shipping documents to include bills of lading, manifests, delivery documents, lumper receipts, etc., for all freight transported by the driver(s)/operator(s) for March 22, 2022, and one month prior to the collision;

21) A copy of any and all company trip reports of the driver(s)/operator(s) for the date of the collision and for one month prior to the collision;

22) A copy of any and all receipts/invoices relating to the Subject Vehicle, for the date of the collision and one month prior to the collision, to include records compiled by Respondent which indicate routes taken, mileage driven in each state, times and dates;

23) A copy of any and all road and bridge tolls receipts, scale/weight tickets, motel receipts, vehicle repair invoices, fuel receipts, and any other documents pertaining to purchases made by the driver(s)/operator(s) while driving a truck for Respondents on the date of the collision and one month prior to the collision;

24) A copy of any and all documentation of truck stop transactions made by the driver(s)/operator(s), to include monetary advances to Respondents through

such systems as Comdata or EFS for the March 22, 2022 collision, and for one month prior to the collision;

25) A copy of any and all written instructions from Respondent permitting the driver(s)/operator(s) to log meal stops and other routine stops as "off duty" time;

26) A copy of any and all records regarding any type of disciplinary action or reprimands for the driver(s)/operator(s);

27) A copy of the record of all driving training by Respondents, to include curriculum covering safe operating practices, i.e., visual search, speed management, night operations, hazard perception, emergency maneuvers, defensive driving, etc.;

28) A copy of Respondents' safety program for truck drivers in effect for period of March 22, 2022, and one year prior to the date of the collision to include documentation of driver safety meetings and driver training programs, with subjects covered, to include training aids used, e.g., video tapes, etc., as well as attendance records;

29) A copy of Respondents' program for instructing their drivers and other employees of provisions of the Federal Motor Carrier Safety Regulations;

30) A copy of Respondents' program for the establishment and administering of an employee assistance program for the education and training of drivers and supervisory personnel in the area of controlled substances;

31) A copy of all Federal, state, municipal and company collision reports or other collision records concerning all collisions in which the driver(s)/operator(s) was involved, including the subject collision and all previous collisions;

32) If hazardous materials were transported in this collision, a copy of all additional collision reports required by Federal Department of Transportation;

33) A copy of all road inspections for the driver(s)/operator(s) conducted by agents of the Federal Highway Administration for previous three years;

34) A copy of all driver-equipment compliance checks for subject vehicles conducted for the driver(s)/operator(s) and subject vehicle(s) involved in the motor vehicle collision in question conducted by state or municipal law enforcement agencies for the previous three years;

35)    A copy of all Subject Vehicle inspection, repair and maintenance records for date of the collision and one year prior to collision. This includes records covering the required systematic inspection, repairing, and maintaining of the Subject Vehicle, as well as records to indicate the nature and due date of the various inspection and maintenance operations to be performed. Also, all procedures, forms, check lists, etc., used in implementing Respondents' inspection, repair and maintenance programs in use at the time of the collision;

36)    A copy of Respondents' daily written vehicle inspection reports for the date of the collision and one month prior to the collision for the driver(s)/operator(s). This includes company certification that any defects of deficiencies have been corrected;

37)    A copy of all U.S. Department of Transportation safety/compliance reviews for the past six years;

38)    Preservation of the actual cell phone(s) and/or wireless devices in the driver(s)/operator(s) possession on the date of the subject collision; and

39)    Preservation of all information, data, and other content on the cell phone(s) in the driver(s)/operator(s) possession on the date of the subject collision, including but not limited to, incoming and outgoing calls and history, incoming and outgoing text messages, SMS, MMS, Chats, iChat's, third party app messaging communications, Emails, and internet history. This request specifically asks that no such information be altered, deleted, or manipulated in any way.

WHEREFORE, PREMISES CONSIDERED, Applicants, respectfully prays the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction, and such other and further relief to which the Applicants may be entitled at law or in equity.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET.
CORPUS CHRISTI, TEXAS 78401
TELEPHONE: (361) 985-0600
FACSIMILE: (361) 985-0601

RUSSELL W. ENDSLEY
STATE BAR NO. 24026824
Email: *rendsley-svc@thomasjhenrylaw.com*

***ATTORNEY FOR APPLICANTS***

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Endsley on behalf of Russell Endsley
Bar No. 24026824
rendsley-svc@thomasjhenrylaw.com
Envelope ID: 63527246
Status as of 4/13/2022 10:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Endsley | | rendsley-svc@thomasjhenrylaw.com | 4/13/2022 10:00:07 AM | SENT |

Filed
4/12/2022 4:12 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

# ANNE LORENTZEN

## DISTRICT CLERK



### DISTRICT COURTS / COUNTY COURTS AT LAW
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
361 888-0450 Fax 888-0571

# NUECES COUNTY PROCESS REQUEST SHEET

Cause No. 2022CCV-60400-3

Date of Request: 04/12/2022

Style: Jeremy McGee (deceased), et al. vs. BFI Waste Systems of Texas LP d/b/a Republic Services

**Section 1:**
## Process Type (Check All That Apply):
- ☐ Citation
- ☐ Citation by Posting
- ☒ Temporary Restraining Order
- ☐ Citation by Secretary of State
- ☐ Application / Temp. (Ex Parte) Protective Order
- ☐ Citation by Publication

- ☐ Other: _____
- ☐ Precept to Serve / Notice of Hearing
- ☐ Citation by Commissioner of Insurance
- ☐ Writ of _____

**Section 2:**
## Service Type:
- ☐ Return to Requester by Mail
- ☐ Courthouse Posting*:
  - Length of Posting: _____Day(s)
- ☐ Certified Mail
  - ☐ w/ Restricted Delivery
- ☐ Private Process Server: _____
  - ☒ via Email: rendsley-svc@thomasjhenrylaw.com
- ☐ Publication*:

- ☒ Email to Requester
- ☐ Hold for Pickup
- ☐ Nueces County Constable / Sheriff

  - ☐ Corpus Christi Caller Times  ☐ Coastal Bend Daily Business & Legal News
  - ☐ Nueces County Record Star  ☐ OCA Website (TCPRC 17.032)
  - ☐ Other: _____
    - Length of Publication: _____ Day(s)    *Requires Nature of Suit

**Section 3:**
## Document(s) / Pleading(s) to be attached for Service:

Order Granting Temporary Injunction _____

_____

_____

**Section 4:**
## Parties to be Served:
1. Name/Agent: CT Corp. System _____

   Address: 1999 Bryan St., Ste. 900 Dallas, Texas 75201 _____

2. Name/Agent: _____

   Address: _____

3. Name/Agent: _____

   Address: _____

*Attach another sheet for more additional parties.*

**Section 5:**
**Requesters Information:**

Name: Russell W. Endsley _____    Bar #: 24026824 _____

Mailing Address: 521 Starr St. Corpus Christi, Texas 78401 _____

Email: rendsley-svc@thomasjhenrylaw.com _____    Phone: (361) 985-0600 _____

Representing: ☐ Pro Se   ☒ Plaintiff   ☐ Defendant   ☐ Other: _____

## Notes

1. You do not need to put a cause number for requests filed with an initial petition.
2. For each party served you must furnish one (1) copy of the pleading or pay a copy fee of $1.00 per page.
3. Failure to include all required information is cause for a rejection.
4. You must attach a Nature of Suit for any Publication or Posting.
5. On an Posting or Publication in a SAPCR case, Place and Date of Birth are required for each child involved in the case
6. Copy fees DO NOT need to be paid if requesting a citation to be emailed. We also DO NOT issue e-service. we are only sending a citation.
7. You are responsible for ensuring that your Private Process Server is accepting Emailed services.
8. Please see our Service Fee Sheet for accurate service fees.
9. How to calculate service fee:

   Process Preparation Fee  +  Service Fee  =  Total Cost
   *(if applicable)*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Endsley on behalf of Russell Endsley
Bar No. 24026824
rendsley-svc@thomasjhenrylaw.com
Envelope ID: 63527246
Status as of 4/13/2022 10:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Endsley | | rendsley-svc@thomasjhenrylaw.com | 4/13/2022 10:00:07 AM | SENT |

Filed
4/12/2022 4:12 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

**IN THE COUNTY COURT
OF NUECES COUNTY, TEXAS
COUNTY COURT AT LAW NUMBER \_\_\_**

| | | |
|---|---|---|
| JAMES MCGEE, DIANNE MCGEE, | § | |
| and OLIVIA CENTENO A/N/F of A.M. | § | |
| *Applicants,* | § | |
| | § | |
| v. | § | 2022CCV-60400-3 |
| | § | CAUSE NO. _____ |
| BFI WASTE SERVICES OF TEXAS | § | |
| LP d/b/a REPUBLIC SERVICES | § | |
| *Respondent,* | § | |

**EX PARTE TEMPORARY RESTRAINING ORDER
AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION**

On the \_\_12th\_\_ day of April, 2022, **JEREMY MCGEE (DECEASED), JAMES**

**MCGEE, DIANNE MCGEE,** and **OLIVIA CENTENO A/N/F A.M., A MINOR,** filed an

Application for Temporary Restraining Order and in connection therewith, has presented an

Application for a Temporary Restraining Order together with an affidavit supporting the

application presented. It appears from these papers that the Applicant is entitled to a Temporary

Restraining Order that Respondent, their agents, servants, employees or anyone acting in concert

therewith, are immediately deterred from taking any action that might alter, damage, destroy, sell

or transfer in any way:

1)     The commercial vehicle involved in the March 22, 2022, motor vehicle collision (hereinafter the "Subject Vehicle");

2)     Any and all of the remains of the Subject Vehicle, including tires, the engine electronic control module (ECM) and any data already downloaded from the electronic control module, tachograph, and any ancillary devices involved in the incident which occurred on March 22, 2022, or in any way from moving, repairing, testing, or altering such vehicle and its contents without notice to and consent of Applicants;

3)     Any other evidence, to include, but not limited to, blood, urine, blood and urinalysis tests, results, reports, etc. of the driver(s)/operator(s);

---

Order on Plaintiffs' Ex Parte
Temporary Restraining Order

4)     Any cellular phone or other hand-held device in the possession of the driver(s)/operator(s) at the time of the collision on March 22, 2022, including any GPS tracking device on the cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellar phone or hand-held device, GPS tracking device on the Subject Vehicle or any downloaded information relating to any GPS tracking device or system on the driver(s)/operator(s) Subject Vehicle;

5)     Any and all operation or trip related documents created or received by Respondents and the driver(s)/operator(s), to include any weight bills, trip tickets, daily logs, record of duty status, daily condition report, bills of lading, payment of services, Driver Qualification File and Personnel File of the driver(s)/operator(s) as required by Texas Department of Transportation and the Federal Motor Carrier Safety Regulations for Respondents;

6)     A copy of any and all documents or writings regarding the repair of the Subject Vehicle after the collision;

7)     A copy of the certificate of title to the Subject Vehicle;

8)     A copy of any and all books, calendars, diaries, journals, logs, written notes, documents, or other records regarding the subject collision;

9)     A copy of the complete driver's qualification and personnel file for the driver(s)/operator(s);

10)    Any and all records regarding drug and alcohol testing administered to the driver(s)/operator(s) throughout his employment;

11)    A copy of the records of duty status (logs) for March 22, 2022, and six months prior to the collision for the driver(s)/operator(s);

12)    A copy of all log audit summaries for the driver(s)/operator(s);

13)    A copy of any time records, to include time cards, for March 22, 2022, and one month prior to the collision for the driver(s)/operator(s) in the motor vehicle collision in question;

14)    A copy of the automatic on-board recording device used to record hours of service for the date of the collision and one month prior to the collision, Respondents' hours of service chart, electronic display or printout showing the time and sequence of duty status changes, including Respondents' starting time at the beginning of each day;

15) If a satellite reporting system is used, a copy of the all-vehicle locations for the Subject Vehicle for the day of the collision and one month prior to the collision;

16) Copies of any drive-cam/dash cam videos involving the incident and occurring throughout the duration of the driver(s)/operator(s) employment;

17) Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q' Trac' s, depicting the location of the Subject Vehicle driven by the driver(s)/operator(s) and all satellite communication between the driver(s)/operator(s) and Respondents;

18) A copy of Respondents' pay records and financial settlement documents for March 22, 2022, and one month prior to the collision for the driver(s)/operator(s);

19) A copy of any and all company dispatch records for date of the collision and one month prior to the collision for the driver(s)/operator(s) which include dispatch screens, movement histories, check calls, fuel summaries, and gate records;

20) A copy of any and all shipping documents to include bills of lading, manifests, delivery documents, lumper receipts, etc., for all freight transported by the driver(s)/operator(s) for March 22, 2022, and one month prior to the collision;

21) A copy of any and all company trip reports of the driver(s)/operator(s) for the date of the collision and for one month prior to the collision;

22) A copy of any and all receipts/invoices relating to the Subject Vehicle, for the date of the collision and one month prior to the collision, to include records compiled by Respondent which indicate routes taken, mileage driven in each state, times and dates;

23) A copy of any and all road and bridge tolls receipts, scale/weight tickets, motel receipts, vehicle repair invoices, fuel receipts, and any other documents pertaining to purchases made by the driver(s)/operator(s) while driving a truck for Respondent on the date of the collision and one month prior to the collision;

24) A copy of any and all documentation of truck stop transactions made by the driver(s)/operator(s), to include monetary advances to Respondents through such systems as Comdata or EFS for the March 22, 2022collision, and for one month prior to the collision;

25) A copy of any and all written instructions from Respondent permitting the driver(s)/operator(s) to log meal stops and other routine stops as "off duty" time;

26)   A copy of any and all records regarding any type of disciplinary action or reprimands for the driver(s)/operator(s);

27)   A copy of the record of all driving training by Respondent, to include curriculum covering safe operating practices, i.e., visual search, speed management, night operations, hazard perception, emergency maneuvers, defensive driving, etc.;

28)   A copy of Respondents' safety program for truck drivers in effect for period of March 22, 2022, and one year prior to the date of the collision to include documentation of driver safety meetings and driver training programs, with subjects covered, to include training aids used, e.g., video tapes, etc., as well as attendance records;

29)   A copy of Respondent's program for instructing their drivers and other employees of provisions of the Federal Motor Carrier Safety Regulations;

30)   A copy of Respondents' program for the establishment and administering of an employee assistance program for the education and training of drivers and supervisory personnel in the area of controlled substances;

31)   A copy of all Federal, state, municipal and company collision reports or other collision records concerning all collisions in which the driver(s)/operator(s) was involved, including the subject collision and all previous collisions;

32)   If hazardous materials were transported in this collision, a copy of all additional collision reports required by Federal Department of Transportation;

33)   A copy of all road inspections for the driver(s)/operator(s) conducted by agents of the Federal Highway Administration for previous three years;

34)   A copy of all driver-equipment compliance checks for subject vehicles conducted for the driver(s)/operator(s) and subject vehicle(s) involved in the motor vehicle collision in question conducted by state or municipal law enforcement agencies for the previous three years;

35)   A copy of all Subject Vehicle inspection, repair and maintenance records for date of the collision and one year prior to collision. This includes records covering the required systematic inspection, repairing, and maintaining of the Subject Vehicle, as well as records to indicate the nature and due date of the various inspection and maintenance operations to be performed. Also, all procedures, forms, check lists, etc., used in implementing Respondents' inspection, repair and maintenance programs in use at the time of the collision;

36) A copy of Respondents' daily written vehicle inspection reports for the date of the collision and one month prior to the collision for the driver(s)/operator(s). This includes company certification that any defects of deficiencies have been corrected;

37) A copy of all U.S. Department of Transportation safety/compliance reviews for the past six years;

38) Preservation of the actual cell phone(s) and/or wireless device(s) in the driver(s)/operator(s) possession on the date of the subject collision; and

39) Preservation of all information, data, and other content on the cell phone(s) in the driver(s)/operator(s) possession on the date of the subject collision, including but not limited to, incoming and outgoing calls and history, incoming and outgoing text messages, SMS, MMS, Chats, iChat's, third party app messaging communications, Emails, and internet history. This request specifically asks that no such information be altered, deleted, or manipulated in any way.

If the commission of said acts is not immediately restrained, Applicants will suffer irreparable injury to wit: repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Applicants from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

**IT IS THEREFORE, ORDERED** that Respondent, and any and all other individuals, their agents, servants, employees or anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from the following:

Taking any action that might alter, damage, destroy, sell or transfer in any way:

1) The commercial vehicle involved in the March 22, 2022, motor vehicle collision (hereinafter the "Subject Vehicle");

2) Any and all of the remains of the Subject Vehicle, including tires, the engine electronic control module (ECM) and any data already downloaded from the electronic control module, tachograph, and any ancillary devices involved in the incident which occurred on March 22, 2022, or in any way from moving, repairing,

---

testing, or altering such vehicle and its contents without notice to and consent of Applicants;

3) Any other evidence, to include, but not limited to, blood, urine, blood and urinalysis tests, results, reports, etc. of the driver(s)/operator(s);

4) Any cellular phone or other hand-held device in the possession of the driver(s)/operator(s) at the time of the collision on March 22, 2022, including any GPS tracking device on the cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellar phone or hand-held device, GPS tracking device on the Subject Vehicle or any downloaded information relating to any GPS tracking device or system on the driver(s)/operator(s) Subject Vehicle;

5) Any and all operation or trip related documents created or received by Respondents and the driver(s)/operator(s), to include any weight bills, trip tickets, daily logs, record of duty status, daily condition report, bills of lading, payment of services, Driver Qualification File and Personnel File of the driver(s)/operator(s) as required by Texas Department of Transportation and the Federal Motor Carrier Safety Regulations for Respondents;

6) A copy of any and all documents or writings regarding the repair of the Subject Vehicle after the collision;

7) A copy of the certificate of title to the Subject Vehicle;

8) A copy of any and all books, calendars, diaries, journals, logs, written notes, documents, or other records regarding the subject collision;

9) A copy of the complete driver's qualification and personnel file for the driver(s)/operator(s);

10) Any and all records regarding drug and alcohol testing administered to the driver(s)/operator(s) throughout his employment;

11) A copy of the records of duty status (logs) for March 22, 2022, and six months prior to the collision for the driver(s)/operator(s);

12) A copy of all log audit summaries for the driver(s)/operator(s);

13) A copy of any time records, to include time cards, for March 22, 2022, and one month prior to the collision for the driver(s)/operator(s) in the motor vehicle collision in question;

14)    A copy of the automatic on-board recording device used to record hours of service for the date of the collision and one month prior to the collision, Respondents' hours of service chart, electronic display or printout showing the time and sequence of duty status changes, including Respondents' starting time at the beginning of each day;

15)    If a satellite reporting system is used, a copy of the all-vehicle locations for the Subject Vehicle for the day of the collision and one month prior to the collision;

16)    Copies of any drive-cam/dash cam videos involving the incident and occurring throughout the duration of the driver(s)/operator(s) employment;

17)    Clearly readable copies of any and all other computer generated or down loaded data from any satellite location and communication systems or sources such as those known as "QualComm" or Q' Trac' s, depicting the location of the Subject Vehicle driven by the driver(s)/operator(s) and all satellite communication between the driver(s)/operator(s) and Respondents;

18)    A copy of Respondents' pay records and financial settlement documents for March 22, 2022, and one month prior to the collision for the driver(s)/operator(s);

19)    A copy of any and all company dispatch records for date of the collision and one month prior to the collision for the driver(s)/operator(s) which include dispatch screens, movement histories, check calls, fuel summaries, and gate records;

20)    A copy of any and all shipping documents to include bills of lading, manifests, delivery documents, lumper receipts, etc., for all freight transported by the driver(s)/operator(s) for March 22, 2022, and one month prior to the collision;

21)    A copy of any and all company trip reports of the driver(s)/operator(s) for the date of the collision and for one month prior to the collision;

22)    A copy of any and all receipts/invoices relating to the Subject Vehicle, for the date of the collision and one month prior to the collision, to include records compiled by Respondent which indicate routes taken, mileage driven in each state, times and dates;

23)    A copy of any and all road and bridge tolls receipts, scale/weight tickets, motel receipts, vehicle repair invoices, fuel receipts, and any other documents pertaining to purchases made by the driver(s)/operator(s) while driving a truck for Respondents on the date of the collision and one month prior to the collision;

24)    A copy of any and all documentation of truck stop transactions made by the driver(s)/operator(s), to include monetary advances to Respondents through such

systems as Comdata or EFS for the March 22, 2022 collision, and for one month prior to the collision;

25) A copy of any and all written instructions from Respondents permitting the driver(s)/operator(s) to log meal stops and other routine stops as "off duty" time;

26) A copy of any and all records regarding any type of disciplinary action or reprimands for the driver(s)/operator(s);

27) A copy of the record of all driving training by Respondents, to include curriculum covering safe operating practices, i.e., visual search, speed management, night operations, hazard perception, emergency maneuvers, defensive driving, etc.;

28) A copy of Respondents' safety program for truck drivers in effect for period of March 22, 2022, and one year prior to the date of the collision to include documentation of driver safety meetings and driver training programs, with subjects covered, to include training aids used, e.g., video tapes, etc., as well as attendance records;

29) A copy of Respondents' program for instructing their drivers and other employees of provisions of the Federal Motor Carrier Safety Regulations;

30) A copy of Respondents' program for the establishment and administering of an employee assistance program for the education and training of drivers and supervisory personnel in the area of controlled substances;

31) A copy of all Federal, state, municipal and company collision reports or other collision records concerning all collisions in which the driver(s)/operator(s) was involved, including the subject collision and all previous collisions;

32) If hazardous materials were transported in this collision, a copy of all additional collision reports required by Federal Department of Transportation;

33) A copy of all road inspections for the driver(s)/operator(s) conducted by agents of the Federal Highway Administration for previous three years;

34) A copy of all driver-equipment compliance checks for subject vehicles conducted for the driver(s)/operator(s) and subject vehicle(s) involved in the motor vehicle collision in question conducted by state or municipal law enforcement agencies for the previous three years;

35) A copy of all Subject Vehicle inspection, repair and maintenance records for

date of the collision and one year prior to collision. This includes records covering the required systematic inspection, repairing, and maintaining of the Subject Vehicle, as well as records to indicate the nature and due date of the various inspection and maintenance operations to be performed. Also, all procedures, forms, check lists, etc., used in implementing Respondents' inspection, repair and maintenance programs in use at the time of the collision;

36) A copy of Respondents' daily written vehicle inspection reports for the date of the collision and one month prior to the collision for the driver(s)/operator(s). This includes company certification that any defects of deficiencies have been corrected;

37) A copy of all U.S. Department of Transportation safety/compliance reviews for the past six years;

38) Preservation of the actual cell phone(s) and/or wireless device(s) in the driver(s)/operator(s) possession on the date of the subject collision; and

39) Preservation of all information, data, and other content on the cell phone(s) in the driver(s)/operator(s) possession on the date of the subject collision, including but not limited to, incoming and outgoing calls and history, incoming and outgoing text messages, SMS, MMS, Chats, iChat's, third party app messaging communications, Emails, and internet history. This request specifically asks that no such information be altered, deleted, or manipulated in any way.

**IT IS FURTHER ORDERED** that Respondent, provide Applicants an inventory of such evidentiary matters not in their possession.

The clerk shall forthwith on the filing by Applicants of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Applicants execute and file with the clerk a bond in conformity with the law, in the amount of $ 500 .

**IT IS FURTHER ORDERED**, that Applicants' Application for Temporary Injunction be heard at 1:30 o'clock p.m. on the 3rd day of May, 2022, in the County Court at Law No. 3, of Nueces County, Texas.

**THIS ORDER** expires on April 13, 2022 at 11:21 o'clock a.m.

**SIGNED AND ENTERED** this the 13 day of April, 2022.

_____
**JUDGE PRESIDING**

**APPROVED AS TO FORM:**

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET.
CORPUS CHRISTI, TEXAS 78401
TELEPHONE: (361) 985-0600
FACSIMILE: (361) 985-0601

BY: _____
RUSSELL W. ENDSLEY
STATE BAR NO. 24026824
*rendsley-svc@thomasjhenrylaw.com
*Attorneys for Applicants*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Endsley on behalf of Russell Endsley
Bar No. 24026824
rendsley-svc@thomasjhenrylaw.com
Envelope ID: 63527246
Status as of 4/13/2022 10:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Endsley | | rendsley-svc@thomasjhenrylaw.com | 4/13/2022 10:00:07 AM | SENT |

Filed
4/12/2022 4:12 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## IN THE COUNTY COURT
## OF NUECES COUNTY, TEXAS
## COUNTY COURT AT LAW NUMBER ____

| | | |
|---|---|---|
| **JAMES MCGEE, DIANNE MCGEE,** | § | |
| **and OLIVIA CENTENO A/N/F of A.M.** | § | |
| *Applicants,* | § | |
| | § | |
| **v.** | § | 2022CCV-60400-3 |
| | § | **CAUSE NO.** _____ |
| **BFI WASTE SERVICES OF TEXAS LP** | § | |
| **d/b/a REPUBLIC SERVICES** | § | |
| *Respondent,* | § | |

---

### BOND

---

**WHEREAS**, in above-styled cause, the Honorable Judge, did on the _____ day of April,

2022, sign an Order granting a Temporary Restraining Order against Respondent herein and

ordering Applicants to make, execute and file a Temporary Restraining Order Bond in the sum of

$500.00, payable to the adverse party before issuance of the Temporary Restraining Order,

therefore:

**KNOW ALL MEN BY THESE PRESENTS**, that we, JAMES MCGEE, DIANNE

MCGEE, and OLIVIA CENTENO A/N/F A.M. , A MINOR, as principals, Russell W. Endsley,

as surety, acknowledge ourselves bound to pay $500.00, conditioned that Applicants will abide

by the decision that may be made in the aforesaid cause, and that they will pay all sums of money

and costs that may be adjudged against them if the Temporary Restraining Order issued on April

_____, 2022, in the aforesaid cause shall be dissolved in whole or in part.

**THAT WE**, JAMES MCGEE, DIANNE MCGEE, and OLIVIA CENTENO A/N/F A.M.,

A MINOR, as principals, and Russell W. Endsley, as Surety, are held and firmly bound in the

sum of Five Hundred Dollars ($500.00). For the payment of which sum, or sums, well are truly

to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally

by these presents.

WITNESS OUR HANDS this _____ day of April, 2022.

Surety: _____

Russell W. Endsley

Address:     521 Starr Street

Corpus Christi, Texas, 78401

Telephone:     361-985-0600

## OATH OF SURETY

**STATE OF TEXAS**     §

**COUNTY OF NUECES**     §

I, Russell W. Endsley do swear that I am worth in my own right, at least the sum of Five Hundred Dollars ($500.00) after deducting from my property all that which is exempt by the Constitution and laws of the State from forced sale, and after the payment of all my debts, of every description, whether individual or security debts and after satisfying all encumbrances upon my property which is known to me, and that I reside in the County of Nueces and have property in the State liable to execution worth:

The said sum of Five Hundred Dollars ($500.00)

_____

Russell W. Endsley

**SUBSCRIBED AND SWORN TO BEFORE ME this** _____ **day of April, 2022.**

Carly Ann Wallis
My Commission Expires
09/21/2024
ID No. 132686556

_____

Notary Public, State of Texas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Russell Endsley on behalf of Russell Endsley
Bar No. 24026824
rendsley-svc@thomasjhenrylaw.com
Envelope ID: 63527246
Status as of 4/13/2022 10:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell Endsley | | rendsley-svc@thomasjhenrylaw.com | 4/13/2022 10:00:07 AM | SENT |